**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**DANNY R. PLANAVSKY,**

         **Plaintiff,**

    v.               3:12-CV-1030
                      (FJS/ATB)
**BROOME COUNTY; DEBRA A. PRESTON,
Individually and as Broome County Executive;
KEVIN P. KEOUGH, individually and as
Director of Real Property Taxes and as
Enforcement Officer of Broome County; and
RICHARD R. BLYTH, as Broome County Clerk,**

         **Defendants.**

---

**APPEARANCES**              **OF COUNSEL**

**REIZES LAW FIRM, CHARTERED**    **LESLIE N. REIZES, ESQ.**
1200 South Federal Highway, Suite 301
Boynton Beach, Florida 33435
Attorneys for Plaintiff

**OFFICE OF THE BROOME**       **ROBERT G. BEHNKE, ESQ.**
**COUNTY ATTORNEY**
Edwin L. Crawford County Office
Building
P.O. Box 1766
Binghamton, New York 13902-1766
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court is Defendants' motion to dismiss the complaint pursuant to

Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and to cancel the Notice of

Lis Pendens that Plaintiff filed in this action. *See* Dkt. No. 13. Plaintiff opposes this motion. *See* Dkt. No. 14.

## II. BACKGROUND

On June 12, 2012, the Broome County Court issued an Order granting summary judgment to Defendant Broome County with respect to its tax claims on two properties that Plaintiff owned. *See* Dkt. No. 1, Complaint at ¶ 8 & Exhibit "A" attached thereto. Plaintiff appealed from that Order on June 17, 2012. *See id.* at ¶ 9. On June 20, 2012, the Broome County Court entered a show cause order, providing that, "pending the hearing on said application further proceedings in this special proceeding be and are stayed . . . ." *See id.* at ¶ 10 & Exhibit "B" attached thereto. On June 21, 2012, in direct contravention of the terms of the show cause order and the stay contained therein, Defendants caused a deed to Plaintiff's property to be recorded in the office of the Broome County Clerk. *See id.* at ¶ 11 & Exhibit "C" attached thereto.

Based on these factual allegations, Plaintiff asserts two counts. In Count One, he asserts that, pursuant to New York Real Property Law § 329, he is entitled to judgment declaring the deed that Defendants filed in the office of the Broome County Clerk to be void and invalid and to have that deed canceled of record as to the properties at issue. *See id.* at ¶ 13. In Count Two, Plaintiff contends that, "[i]n violation of the stay provided for in the June 20, 2012 order of the Broome County Court . . ., the [D]efendants have deprived [P]laintiff of his property without due process and have taken his property without compensation, all in violation of the Constitution of the United States." *See id.* at ¶ 15. Plaintiff seeks "a judgment against all the [D]efendants except the County Clerk for actual and exemplary damages in the amount of two million dollars."

*See id.* at WHEREFORE Clause.

**III. DISCUSSION**

**A.     Jurisdictional issue**

Defendants argue that this Court does not have subject matter jurisdiction over Plaintiff's state-law claim (Count One) because Plaintiff was a citizen of New York when he filed his complaint.

Defendants are mistaken.  Although Count One of Plaintiff's complaint is a state-law claim, there is no dispute that Count Two of Plaintiff's complaint is a federal Constitutional claim, over which the Court has original jurisdiction.  There is also no dispute that Plaintiff's state-law claim and federal Constitutional claim are part of the same case or controversy.  Therefore, pursuant to 28 U.S.C. § 1367(a), because this Court has original jurisdiction over Count Two, this Court has supplemental jurisdiction over Count One.  Accordingly, the Court concludes that it has subject matter jurisdiction over this action.

**B.     Plaintiff's federal claim – Count Two**

Plaintiff claims that Defendants took his property without due process and without just compensation.  Both of these claims fail as a matter of law.

First, Plaintiff has failed to state a claim for an unconstitutional taking because "'[a] tax sale is not a taking for a public purpose because such sale is pursuant to the state's taxing power and not its power of eminent domain.'"  *Jones v. Safi*, No. 10-CV-2398, 2011 WL 5524674, *4 (E.D.N.Y. Nov. 10, 2011) (quoting *In re Murphy*, 331 B.R. 107, 128 (Bankr. S.D.N.Y. 2005)).

Accordingly, the Court grants Defendants' motion to dismiss Count Two of Plaintiff's complaint for failure to state a claim insofar as he asserts an unconstitutional taking claim in that Count.

With respect to Plaintiff's procedural due process claim, "'[i]n order to satisfy the requirements of due process, a property owner must be given notice of foreclosure proceedings before foreclosure can occur.'" *Nelson v. Ulster Cnty., N.Y.*, 789 F. Supp. 2d 345, 353 (N.D.N.Y. 2010) (quoting *Akey v. Clinton County, N.Y.*, 375 F.3d 231, 235 (2d Cir. 2004)). "'If a party receives actual notice that apprises it of the pendency of the action and affords an opportunity to respond, the due process clause is not offended.'" *Id.* at 354 (quoting *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995)).

In this case, there is no dispute that Plaintiff received notice of the foreclosure action and had an opportunity to be heard. In fact, in Exhibit "A" attached to his complaint, which is a Decision and Order of the Broome County Court, the court stated that Broome County "filed a Petition and Notice of Foreclosure listing the parcels on Loder Avenue and Arch Street. The Petition and Notice was served on interested parties and properly published." *See* Dkt. No. 1, Exhibit "A" at 2. The court also noted that Plaintiff served an answer to that petition. *See id.* Finally, Plaintiff asserted that he filed an appeal from the Broome County Court's Decision and Order. *See* Dkt. No. 1 at ¶ 9. Based on these facts, the Court concludes that Plaintiff received all of the due process he was due. Accordingly, the Court grants Defendants' motion to dismiss Count Two of Plaintiff's complaint for failure to state a claim insofar as he asserts that Defendants violated his right to due process.

**B.    Plaintiff's state-law claim – Count One**

Since the Court has granted Defendants' motion to dismiss Plaintiff's federal Constitutional claims, the Court now must determine whether it should decline to exercise its supplemental jurisdiction over Plaintiff's state-law claim. Pursuant to 28 U.S.C. § 1367(c), a court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

Although a court is not required to dismiss state-law claims once it has dismissed all of the federal claims in an action, the court may decline to exercise supplemental jurisdiction over such claims pursuant to § 1367(c)(3). *See Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, *6 (E.D.N.Y. Oct. 23, 2014) (citations omitted). Moreover, although "[t]he exercise of supplemental jurisdiction is within the sound discretion of the district court[,]" *Lundy v. Catholic Health Svs. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013) (citation omitted), "[t]he court must 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity in order to decide whether to exercise jurisdiction' over the state-law claims[,]" *Casino*, 2014 WL 5425501, at *6 (quotation and other citation omitted). Generally, however, where a court has dismissed all of the federal claims prior to trial, "the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims." *Id.* (citations omitted).

In light of the fact that this case is in the very early stages of litigation and, after considering all relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim. Therefore, the Court will dismiss Plaintiff's state-law claim without

prejudice pursuant to 28 U.S.C. § 1367(c)(3). Furthermore, the Court advises Plaintiff that, "pursuant to 28 U.S.C. § 1367(d), the statute of limitations for [Plaintiff's state-law claim], to the extent [that] claim[] [was] timely filed in this Court is tolled for a period of **thirty (30) days after the date of this order**, unless a longer tolling period is otherwise provided under state law." *Casino*, 2014 WL 5425501, at *7.

### IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion, *see* Dkt. No. 13, to dismiss Plaintiff's federal claims (Count Two) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **GRANTED** and those federal claims are **dismissed with prejudice**; and the Court further

**ORDERS** that Plaintiff's state-law claim (Count One) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c); and the Court further

**ORDERS** that the Notice of Lis Pendens that Plaintiff filed in this case, *see* Dkt. No. 11, is **CANCELLED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: December 8, 2014
Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

-6-